U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 2 3 2016

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 6:16-CR-0035 |
| | * | |
| VERSUS | * | JUDGE MINALDI |
| | * | |
| BYRON BENJAMIN LASSALLE | * | MAGISTRATE JUDGE WHITEHURST |

### STIPULATION IN SUPPORT OF GUILTY PLEA

The UNITED STATES OF AMERICA, through the undersigned attorneys, and the Defendant, BYRON LASSALLE, represented by his undersigned counsel, Mr. Jason Robideaux and Mr. Thomas Guilbeau, agree that the following statement of facts is true and that the government could prove these facts beyond a reasonable doubt at trial:

The Defendant admits that he conspired with other officers to assault and injure inmates, in violation of their federally protected right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force amounting to punishment by a law enforcement officer. The Defendant admits that this conspiracy was in violation of Title 18, United States Code, Section 241.

The Defendant also admits that, while acting under color of law and while aided and abetted by others, he willfully deprived C.O. and S.S., pre-trial detainees, of their federally protected right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force amounting to

punishment by a law enforcement officer in violation of Title 18, United States Code, Section 242 and Section 2.

The Defendant has been employed by the Iberia Parish Sheriff's Office (IPSO) since 2006, and has served on the Narcotics Unit since 2008.

On April 29, 2011, the Defendant was called to the Iberia Parish Jail (IPJ) to assist with a shakedown. During the course of the shakedown, the Defendant learned that the chapel was a place at the jail that was not covered by the jail's video-surveillance system. The Defendant went to the chapel with other officers, including an IPJ supervisor and other deputies from the Narcotics unit. While in the chapel, the Defendant watched as Narcotics deputies assaulted inmate A.D., a pre-trial detainee who appeared to be restrained, compliant, lying on the chapel floor, and presenting no threat to officers. The Defendant recognized that he had a duty to intervene and stop the unjustified use of force on inmate A.D. Nevertheless, the Defendant willfully chose not to intervene to stop the beating, despite having the opportunity to do so. The Defendant then watched as inmate A.D. was dragged out of the chapel to the lockdown unit of the jail. En route to the lockdown unit, the Defendant heard A.D. tell an IPSO supervisor that he had been beaten. The IPSO supervisor responded "Aww come on baby. Shut the fuck up. Take him away."

At some point during the shakedown, the Defendant was in the rec yard of one of the inmate housing dorms where inmates were on their knees, overseen by officers, including IPSO supervisors, an IPJ supervisor, and other officers. One of the kneeling inmates made a lewd comment to the officers. In response, an IPSO

supervisor directed the Defendant to "Take care of him, baby," and pointed to inmate C.O.  The Defendant knew, based on prior conversations and his experience in the Narcotics Unit, that the IPSO supervisor wanted him to take C.O. somewhere and use unlawful force on him to punish him for his comments.  The Defendant, knowing the IPSO supervisor's intent, and intending to further the IPSO supervisor's unlawful objective, took C.O. to the chapel, a place at the jail that he knew had been used to assault inmates before.  In the chapel, the Defendant repeatedly struck C.O. with a baton, while C.O. was compliant, kneeling on the chapel floor, and not presenting a threat.  None of the other officers present in the chapel, including an IPJ supervisor, attempted to stop the Defendant from beating C.O.  The Defendant knew, based on prior conversations and his experience in the Narcotics unit, that none of the other officers was going to stop his assault of C.O. During the beating inmate C.O. repeatedly denied having made the comments on the rec yard, and blamed another inmate for having done so.

      The Defendant then took inmate C.O. back to his dorm, and asked C.O. to point out the inmate who had made the comments.  C.O. pointed to inmate S.S., another pre-trial detainee.  In order to further carry out the IPSO supervisor's command, the Defendant then took S.S. to the chapel in order to unlawfully assault him.  While in the chapel, the Defendant learned S.S. had committed a sex crime. Another officer told the Defendant, "make him suck it."  When the Defendant heard this, he took the baton, placed it between his own legs, and forced S.S. to mimic performing fellatio on the baton, in order to physically harm S.S.  During the

3

assault, the Defendant told S.S. "suck it, suck it; you must like dicks," using enough force to make S.S. gag. The Defendant also struck S.S. with his baton while S.S. compliant and presenting no threat. The other officers present in the chapel, including an IPJ supervisor, did nothing to stop the Defendant's assault on S.S.

Sometime after the shakedown in April 2011, the Defendant and the others involved in assaulting inmates C.O., S.S. and A.D., were sued for their unjustified uses of force. The Defendant and other members of the IPSO conspired to provide false testimony regarding the beatings during the depositions in order to conceal the prior assaults and in order to prevent any further investigation into the unlawful actions.

Both the United States and the Defendant do hereby stipulate and agree that the above facts are true, and that they set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. Both the United States and the Defendant also agree that this factual basis does not contain all of the relevant information known to the Defendant. This is a sufficient factual basis, but it is not an exhaustive statement by the Defendant.

READ AND APPROVED this 23rd day of February, 2016.

_____
BYRON LASSALLE
Defendant

_____
JASON ROBIDEAUX
THOMAS GUILBEAU
Attorneys for Defendant

STEPHANIE A. FINLEY
United States Attorney

*/s/ A. C. Van Hook, FAUSA for*
JOSEPH JARZABEK
Assistant United States Attorney

VANITA GUPTA
Principal Deputy Assistant Attorney General
U.S. Department of Justice

*/s/ Mark Blumberg*
MARK BLUMBERG
Special Litigation Counsel, Civil Rights Division

*/s/ Tona Boyd*
TONA BOYD
Trial Attorney, Civil Rights Division

5