```
               IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF LOUISIANA
                      LAKE CHARLES DIVISION


UNITED STATES OF AMERICA       *   Docket No. 6:16-CR-00035
                               *
                               *
VERSUS                         *   February 23, 2016
                               *
                               *
BYRON BENJAMIN LASALLE         *   Lafayette, Louisiana

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

      REPORTER'S OFFICIAL TRANSCRIPT OF THE PLEA HEARING
          BEFORE THE HONORABLE PATRICIA MINALDI,
               UNITED STATES DISTRICT JUDGE

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


                    A P P E A R A N C E S


FOR THE GOVERNMENT:  ALEXANDER C. VAN HOOK
                     U.S. Attorney's Office
                     300 Fannin Street, Suite 3201
                     Shreveport, LA 71101
                     Email:  alexander.van.hook@usdoj.gov
                     Phone:  (318) 676-3600
                     Fax:    (318) 676-3660


                     TONA BOYD
                     U.S. Dept. of Justice, Civil Rights Div.
                     950 Pennsylvania Avenue N.W.
                     Washington, DC  20530
                     Email:  tona.boyd@usdoj.gov
                     Phone:  (202) 514-3204
                     Fax:    (202) 514-8336


FOR THE DEFENDANT:   JASON W. ROBIDEAUX
                     Law Office of Jason W. Robideaux
                     412 West University, Suite 202
                     Lafayette, LA  70506
                     Email:  jasonrobideaux@yahoo.com
                     Phone:  (337) 291-9444
                     Fax:    (337) 291-2599
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

```
REPORTED BY:        DEIDRE D. JURANKA, RPR
                    611 Broad Street, Suite 267
                    Lake Charles, Louisiana 70601
                    Email:  dd_juranka@lawd.uscourts.gov
                    Phone:  (337) 214-6669
                    Fax:    (337) 437-3390
```

|   |   |
|---|---|
| 1 | COURT PROCEEDINGS |
| 2 | (Call to order of the court.) |
| 3 | MR. VAN HOOK: Your Honor, the next case is United |
| 4 | States versus Byron Benjamin Lassalle which has been |
| 5 | assigned Criminal No. 6:16-0035. At this time the |
| 6 | United States would offer an executed Rule 11 package |
| 7 | which contains a Waiver of Indictment, Agreement and |
| 8 | Waiver of Statute of Limitations, Bill of Information, |
| 9 | Elements of the Offense, Affidavit of Understanding of |
| 10 | Maximum Penalty and Constitutional Rights, a Plea |
| 11 | Agreement, and a Factual Stipulation in Support of the |
| 12 | Plea. |
| 13 | THE COURT: Thank you. It's accepted. Are you |
| 14 | Mr. Robideaux or Mr. Guilbeaux? |
| 15 | MR. ROBIDEAUX: Jason Robideaux, Your Honor. |
| 16 | THE COURT: Mr. Robideaux, have you gone over the |
| 17 | plea packet with your client? |
| 18 | MR. ROBIDEAUX: Yes, Your Honor. |
| 19 | THE COURT: Do you feel like he understands it? |
| 20 | MR. ROBIDEAUX: Yes, he does. |
| 21 | THE COURT: Have you talked with him about the |
| 22 | impact the sentencing guidelines may have on his |
| 23 | sentence? |
| 24 | MR. ROBIDEAUX: I have. |
| 25 | THE COURT: You think he understands that? |

```
 1            MR. ROBIDEAUX:  Yes, Your Honor.
 2            THE COURT:  Mr. Robideaux, please -- not you.
 3   Mr. Lassalle, please raise your right hand.
 4                 (Oath is administered.)
 5            THE COURT:  Give me your full name for the record,
 6   please.
 7            THE DEFENDANT:  Byron Benjamin Lassalle.
 8            THE COURT:  Mr. Lassalle, Mr. Robideaux has told me
 9   that he's gone over the plea packet with you.  Is that
10   correct?
11            THE DEFENDANT:  Yes, Your Honor.
12            THE COURT:  Do you feel like you understand it?
13            THE DEFENDANT:  Yes, Your Honor.
14            THE COURT:  He's also told me that he's discussed
15   with you the impact the sentencing guidelines may have
16   on your sentence.  Is that correct?
17            THE DEFENDANT:  Yes, Your Honor.
18            THE COURT:  Do you feel like you understand that?
19            THE DEFENDANT:  Yes, Your Honor.
20            THE COURT:  There's some documents in this packet I
21   need to discuss with you, and we'll talk first about the
22   Bill of Information.  You have a right in this case to
23   have the facts of this case presented to a grand jury, a
24   group of people who decide whether or not the Government
25   had enough evidence to hold you over for trial.  But
```

```
1     it's my understanding that you have waived your right to
2     that grand jury and agreed to be charged by a Bill of
3     Information, which is a document that an assistant U.S.
4     attorney or the U.S. Attorney files.  Is that what you
5     intend to do?
6             THE DEFENDANT:  Yes, Your Honor.
7             THE COURT:  Let's turn -- you're charged with two
8     offenses this morning, one being civil rights conspiracy
9     and the other deprivation of rights under color of law.
10    I'm sorry.  And three, the third count, of deprivation
11    of rights under the law.  I'm going to turn to the
12    Elements of the Offense and discuss with you what the
13    Government would have to prove in this case in order for
14    you to be convicted.
15            As to Count 1, civil rights conspiracy, the
16    Government would have to prove beyond a reasonable doubt
17    the following things, that you entered into an agreement
18    with at least one other person; two, that the purpose of
19    the agreement was to injure, oppress or threaten inmates
20    in the free exercise and enjoyment of federally
21    protected rights, in this case that was right to due
22    process of law which includes the right to be free from
23    excessive use of force amounting to punishment by a law
24    enforcement officer; and three, that you knew the
25    unlawful purpose of the conspiracy and joined in it
```

1 willfully, that is with the intent to further its
2 unlawful purpose.
3     Now, Counts 2 and 3 are the same -- have the same
4 elements. So the Government would have to prove as to
5 each of those counts the following things beyond a
6 reasonable doubt, number one, that you acted under color
7 of law; that you deprived an intimate by the initials
8 C.O. and A.D., persons in the United States, of a right
9 protected or secured by the Constitution or laws of the
10 United States, and in this case the right to due process
11 of law which includes the right to be free from the use
12 of excessive force amounting to punishment by a
13 sheriff's deputy; three, that you acted willfully; and
14 four, that the offenses resulted in bodily injury to the
15 victim or -- to the victims or involved the use of a
16 dangerous weapon.
17     Do you understand what the Government would have to
18 prove?
19     THE DEFENDANT: Yes, Your Honor.
20     MR. ROBIDEAUX: Your Honor, if I may interject.
21 Counsel's fault. One of the initials, C.O., is correct.
22 A.D., it probably needs to be initials S.S. That was
23 just an oversight.
24     MR. VAN HOOK: He's correct, Your Honor. Pointing
25 out my mistake. So we're on the right track.

1   THE COURT: Okay. Then we'll amend the documents
2   that contain the initials A.D. to S.S.
3   Let's turn to the Affidavit of Understanding of
4   Maximum Penalty and Constitutional Rights. This
5   document tells you the penalty that you face when
6   convicted of these offenses and goes on to describe for
7   you the constitutional rights that you give up when you
8   enter a guilty plea. Let's talk first about the penalty
9   that you face.
10   As to Count 1, you face a term of imprisonment of
11   not more than ten years, a fine of not more than
12   $250,000, a term of supervised release, and a special
13   assessment of $100 which is mandatory. Do you
14   understand the penalty that you face?
15   THE DEFENDANT: Yes, Your Honor.
16   THE COURT: That penalty contains a term of
17   supervised release which means, if you are incarcerated
18   on this offense, when you are released your release will
19   be supervised by a probation officer to whom you will
20   have to report on a regular basis. There will be
21   conditions placed on that release, things that you must
22   do and things that you cannot do. It's important that
23   you abide by the terms of your supervised release
24   because, if you do not, you could be brought back to
25   court, your release could be revoked, and if that

```
1      happens the possibility exists that you could actually
2      end up serving more than the maximum penalty for this
3      offense.  Do you understand that?
4             THE DEFENDANT:  Yes, Your Honor.
5             THE COURT:  You have the right to go to trial in
6      this matter.  If you decided to exercise that -- I'm
7      sorry.  Here's the penalty on Count 2:  A term of
8      imprisonment of not more than ten years, a fine of
9      $250,000 or both, a term of supervised release, and also
10     another $100 assessment which is mandatory.  And the
11     penalty for Count 3 is the same, but there is also
12     another $100 assessment which is mandatory.  Do you
13     understand the penalties that you face?
14            THE DEFENDANT:  Yes, Your Honor.
15            THE COURT:   I want to let you know that you have
16     the right to go to trial in this matter.  If you decided
17     you wanted to do that, we'd select a jury of 12 people
18     to hear your case and all 12 of those jurors would have
19     to agree that the Government had proved its case beyond
20     a reasonable doubt before you could be convicted of any
21     offense.  But when you plead guilty you give up your
22     right to trial, to that 12 person jury and that
23     unanimous verdict.  Do you understand that?
24            THE DEFENDANT:  Yes, Your Honor.
25            THE COURT:  If you went to trial, you'd have the
```

```
 1        right to see the witnesses called against you and ask
 2        them questions; but when you plead guilty you give up
 3        the right to see those witnesses and ask them questions.
 4        Do you understand that?
 5             THE DEFENDANT:  Yes, Your Honor.
 6             THE COURT:  You have a privilege against
 7        self-incrimination which means no one can force you to
 8        testify against yourself, but when you plead guilty you
 9        are testifying against yourself so you're giving up that
10        privilege.  Do you understand that?
11             THE DEFENDANT:  Yes, Your Honor.
12             THE COURT:  If you went to trial, you'd have the
13        right to take the witness stand in your own defense.
14        You wouldn't have to do that, but you'd have that right.
15        You give up that right as well when you enter a guilty
16        plea.  Do you understand that?
17             THE DEFENDANT:  Yes, Your Honor.
18             THE COURT:  If you went to trial and you were
19        convicted, you would have the right to appeal the
20        verdict of guilt; but when you plead guilty you're
21        admitting your guilt so you give up your right to appeal
22        the verdict of guilt.  Do you understand that?
23             THE DEFENDANT:  Yes, Your Honor.
24             THE COURT:  You have the right to be represented by
25        counsel of your choice or court-appointed counsel if you
```

1  cannot afford your own.  Mr. Robideaux, are you
2  appointed or retained?
3      MR. ROBIDEAUX:  Retained, Your Honor.
4      THE COURT:  You've retained Mr. Robideaux.  And I
5  want to let you know that if anything happened that
6  caused you to be indigent and no longer able to pay for
7  his services, I would appoint somebody to represent you.
8  But he's here with you now.  If you decided you wanted
9  to go to trial, he would represent you during trial.
10 And I don't know what your agreement is with him; but if
11 you were convicted, someone would represent you on
12 appeal whether retained or appointed if you were
13 indigent.  But when you plead guilty you give up your
14 right to trial and to appeal the verdict of guilt so you
15 also give up your right to be represented during those
16 proceedings.  Do you understand that?
17     THE DEFENDANT:  Yes, Your Honor.
18     THE COURT:  Anyone force, threaten or coerce you to
19 enter this guilty plea?
20     THE DEFENDANT:  I'm sorry?
21     THE COURT:  Has anyone forced, threatened or
22 coerced you to enter this guilty plea?
23     THE DEFENDANT:  No, Your Honor.
24     THE COURT:  There's a Plea Agreement contained in
25 this packet and it outlines in detail and in writing the

```
 1    obligations that you have to the Government because of
 2    this plea and the obligations that the Government has to
 3    you because of this plea.  Is there anything about those
 4    obligations you don't understand or have any questions
 5    about?
 6            THE DEFENDANT:  No, Your Honor.
 7            THE COURT:  Let's turn to the Factual Basis.
 8    There's also a Waiver of Statute of Limitations
 9    contained in the plea packet.  Do you understand that?
10            THE DEFENDANT:  Yes, Your Honor.
11            THE COURT:  Do you understand what that is or have
12    any questions about it?
13            THE DEFENDANT:  I understand.
14            MR. VAN HOOK:  Your Honor, I would note the Factual
15    Basis refers to S.S. and A.D. and that is correct.  A.D.
16    is part of the conspiracy but not part of the
17    substantive charges we referred to earlier.
18            THE COURT:  Okay. Bear with me.  These are in a
19    different order than I'm used to.  Let's turn to the
20    Stipulation in Support of a Guilty Plea.  This document
21    tells me what you and the Government agree happened in
22    this case that would justify me in accepting your guilty
23    plea.  I'm not going to go over it word for word, but I
24    am going to talk with you about what I think are the
25    more important points to make sure that you agree that
```

1     this happened.
2         It tells me that you admit that you conspired with
3     other officers to assault and injure inmates in
4     violation of their federally protected right not to be
5     deprived of liberty without due process of law which
6     includes the right to be free from the use of excessive
7     force amounting to punishment by a law enforcement
8     officer, and you admit that this conspiracy was in
9     violation of federal law. You also admit that while
10     acting under color of law, while aided and abetted by
11     others, you willfully deprived -- tell me who it is
12     again, C.O. and S.S.?
13         MR. VAN HOOK: Yes, Your Honor. Those were -- the
14     initials in the Factual Basis are correct.
15         THE COURT: Okay. Who were pretrial detainees of
16     their federally protected right not to be deprived of
17     liberty without due process of law which includes the
18     right to be free from the use of excessive force
19     amounting to punishment by a law enforcement officer in
20     violation of federal law.
21         It also tells me that you were employed by the
22     Iberia Parish Sheriff's Office and served in the
23     narcotics unit. On April 29th of 2011 you were called
24     to the Iberia Parish Jail to assist with a shakedown.
25     During the course of the shakedown, you learned that the

chapel was a place at the jail where there was no video surveillance. You went to the chapel with other officers, including Iberia Parish Jail supervisor and other deputies from the narcotics unit. While in the chapel, you watched as the deputies assaulted inmate A.D., who was a pretrial detainee, who was restrained, compliant and lying on the chapel floor and presenting no threat to the officers. You recognized that you had a duty to intervene and stop the unjustified use of force on that inmate; nevertheless, you willfully chose not to intervene to stop that beating despite having the opportunity to do so.

You then watched as inmate A.D. was dragged out of the chapel to the lock down unit of the jail. On route to the lock down unit, you heard A.D. tell an IPSO supervisor that he had been beaten. And that supervisor responded, "Oh, come on, baby. Shut the fuck up. Take him away." His words, not mine.

At some point during the shakedown, you were in the rec. yard of inmate housing dorms where inmates were on their knees overseen by officers, including IPSO supervisors and an IPJ supervisor and other officers. One of the kneeling inmates made a lewd comment to the officers and, in response, the supervisor told you to "take care of him, baby," and pointed to inmate C.O.

           You knew based on a prior conversation and your
experience in the narcotics unit that the supervisor
wanted you to take C.O. somewhere and use unlawful force
on him to punish him for his comments.  You, knowing the
IPSO supervisor's intent and intending to further that
unlawful objective, took C.O. to the chapel, a place at
the jail that you knew had been used to assault inmates
before.

           In the chapel, you repeatedly struck C.O. with a
baton while he was compliant and kneeling on the chapel
floor and not presenting a threat.  None of the other
officers present in the chapel, including the IPJ
supervisor, attempted to stop you from beating C.O.  You
knew based on prior conversations and experience in the
narcotics unit that none of the other officers were
going to stop your assault during -- on the inmate.
During the beating, the inmate repeatedly denied having
made the comments in the rec. yard and blamed another
inmate for having done so.

           You took inmate C.O. back to his dorm and asked him
to point out the inmate who had made the comments.  C.O.
pointed to inmate S.S., another pretrial detainee.  In
order to carry out the IPSO supervisor's command, you
then took S.S. to the chapel in order to unlawfully
assault him.

```
 1            While in the chapel you placed S.S. on his knees
 2     and questioned him regarding his pending charges.  S.S.
 3     told you he'd committed a sex crime.  And when the
 4     defendant heard this he took the baton, placed it
 5     between his own legs and forced S.S. to mimic performing
 6     fellatio on the baton in order to physically harm S.S.
 7            MR. VAN HOOK:  Your Honor, if I may stop you there.
 8     And I apologize.  The Factual Basis had been -- for this
 9     defendant had been altered slightly and that's where the
10     change began.  So if I may, Your Honor, give you another
11     page.  You have the original, Your Honor.  You can start
12     on the last paragraph on the bottom of page three, start
13     there and move forward.
14            THE COURT:  Okay.  So we obviate everything that I
15     said that was on the bottom of Page 3 and continue onto
16     four?
17            MR. VAN HOOK:  Yes, Your Honor.  You can start at
18     the bottom of Page 3 on the updated version and just
19     re-review with the defendant the last paragraph at the
20     bottom of Page 3.
21            THE COURT:  Okay.  Do I start with the paragraph
22     that says "On or about September 27th, 2011"?
23            MR. VAN HOOK:  Start with the paragraph that begins
24     "The defendant then took inmate C.O. back to his dorm."
25     If you'd start from there again.  May I approach, Your
```

```
 1        Honor?
 2             THE COURT:  Sure.  Why don't we take a five minute
 3        recess.
 4                       (Recess is taken.)
 5             THE COURT:  Okay.  What page are we on now?
 6             Okay.  This tells me that you then took inmate C.O.
 7        back to his dorm and asked him to point out the inmate
 8        who'd made the comments.  C.O. pointed to inmate S.S.,
 9        another pretrial detainee.  In order to further carry
10        out the supervisor's command, you took S.S. to the
11        chapel in order to unlawfully assault him.
12             While in the chapel, the defendant learned S.S. had
13        committed a sex crime.  Another officer told you to
14        "make him suck it."  And when you heard this you took
15        the baton, placed it between your own legs and forced
16        S.S. to mimic performing fellatio on the baton in order
17        to physically harm him.  During the assault you told
18        S.S. disgusting things using enough force to make S.S.
19        gag.  You also struck him with your baton while he was
20        compliant and presenting no threat.  The other officers
21        present in the chapel, including an IPJ supervisor, did
22        nothing to stop your assault on the inmate.
23             Sometime after the shakedown on April 2011, you and
24        the others involved in assaulting inmates C.O., S.S. and
25        A.D. were sued for your unjustified use of force.  You
```

1    and other members of IPSO conspired to provide false
2    testimony regarding the beatings during the depositions
3    in order to conceal the prior assaults and in order to
4    prevent any further investigation into the unlawful
5    actions.
6         Is that what happened?
7         THE DEFENDANT:  Yes, Your Honor.
8         THE COURT:  Are you satisfied with the
9    representation --
10        THE DEFENDANT:  Yes, Your Honor.
11        THE COURT:  -- Mr. Robideaux has provided to you?
12        THE DEFENDANT:  Yes, Your Honor.
13        THE COURT:  To the charges of civil rights
14   conspiracy, Count 1, Count 2, deprivation of rights
15   under color of law, and Count 3, another count of
16   deprivation of rights under color of law, how do you
17   plead?
18        THE DEFENDANT:  Guilty.
19        THE COURT:  I'll accept your guilty plea and set
20   sentencing for 5/24/16 at 10:45.
21        MR. ROBIDEAUX:  Your Honor, there's no bond
22   currently.  We'd ask for release as the other
23   defendants.
24        MR. VAN HOOK:  Your Honor, no objection with the
25   same condition of not possessing a firearm.

1  THE COURT: So ordered.
2  MR. ROBIDEAUX: Your Honor, he's currently employed
3  on administrative leave as a lieutenant. He still has
4  three Iberia Parish Sheriff's firearms in his
5  possession. I've spoken to the supervised release
6  people. He's going to have someone from IPSO collect
7  those three firearms so he doesn't possess them, give
8  them back.
9  THE COURT: Okay. Let that be a condition of his
10 release.
11 MR. ROBIDEAUX: Thank you.
12 THE COURT: Thank you.
13 (Proceedings adjourned.)
14
15 * * * * * *
16
17 **CERTIFICATE**
18
19 I hereby certify this 2nd day of March, 2016, that the
20 foregoing is, to the best of my ability and understanding, a
21 true and correct transcript of the proceedings in the
22 above-entitled matter.
23
24                             S/Deidre D. Juranka, RPR
                                Official Court Reporter
25

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**