UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION


UNITED STATES OF AMERICA,          :      March 28, 2017
                                   :
                    Plaintiff,     :
vs.                                :      Lafayette, Louisiana
                                   :
JASON COMEAUX                      :      Docket Nos. 16-00045
ROBERT BURNS                       :                  16-00033
BYRON BENJAMIN LASSALLE            :                  16-00035
BRET BROUSSARD                     :                  16-00036
WADE BERGERON,                     :                  16-00032
                    Defendants.    :
_____


REPORTER'S OFFICIAL TRANSCRIPT OF THE STATEMENT OF

ANTHONY DAYE HAD DURING THE SENTENCING HEARING

BEFORE THE HONORABLE DONALD E. WALTER

UNITED STATES DISTRICT JUDGE




LARAE E. BOURQUE, RMR, CRR
Federal Official Court Reporter
800 Lafayette Street, Ste. 3103
Lafayette, LA  70501

A P P E A R A N C E S


FOR THE PLAINTIFF:                    MARK BLUMBERG
                                      TONA BOYD
                                      U.S. Department of Justice
                                      Civil Rights Division
                                      950 Pennsylvania Ave. N.W.
                                      Washington, DC  20530


FOR JASON COMEAUX:                    LAWRENCE C. BILLEAUD
                                      Attorney at Law
                                      706 W. University Ave.
                                      Lafayette, LA  70506


FOR ROBERT BURNS:                     GERALD J. BLOCK
                                      Attorney at Law
                                      P.O. Box 53506
                                      Lafayette, LA  70505


FOR BYRON BENJAMIN LASSALLE:          JASON W. ROBIDEAUX
                                      Guilbeau & Robideaux
                                      P.O. Box 3331
                                      Lafayette, LA  70502


FOR BRET BROUSSARD:                   BRETT L. GRAYSON
                                      Law Office of Brett L. Grayson
                                      130 Rue Beauregard, Ste. A
                                      Lafayette, LA  70508


FOR WADE BERGERON:                    DUSTIN C. TALBOT
                                      Federal Public Defender's Office
                                      102 Versailles Blvd., Ste. 816
                                      Lafayette, LA  70501

I N D E X

WITNESSES:                                                    PAGE:

Anthony Daye
        Examination by Mr. Blumberg................  8

```
 1                    P R O C E E D I N G S
 2              THE COURT:  All right.  I have a series of
 3   New Iberia cases.  Mr. Bergeron, Mr. Burns, Mr. Lassalle,
 4   Mr. Broussard, Mr. Hines, Mr. Comeaux, and Mr. Hatley.
 5              Is that right from the government?
 6              MR. BLUMBERG:  Yes, Your Honor.
 7              THE COURT:  All right.  Mr. Talbot, are you here today?
 8              MR. TALBOT:  Yes, Your Honor.
 9              THE COURT:  Mr. Block, are you here today?
10              MR. BLOCK:  Yes, sir.
11              THE COURT:  Good.
12              Mr. Robideaux, are you here?
13              MR. ROBIDEAUX:  Yes, Your Honor.
14              THE COURT:  And Mr. Grayson?
15              MR. GRAYSON:  Yes, sir.
16              THE COURT:  And Mr. Ewing?  Mr. Ewing?
17              Mr. Ewing represents Mr. Hines.
18              How about Mr. Billeaud?  Is he here?
19              He represents Mr. Comeaux.
20              And I'm sorry.  Who represents Mr. Hatley?
21              MR. WASHINGTON:  Your Honor, I do, Don Washington.
22              THE COURT:  Oh, that's right, Mr. Washington.
23              So we don't have two defense lawyers, Ewing and
24   Billeaud, here.
25              MR. BLUMBERG:  Correct.
```

1          THE COURT:  Okay.  I await the government's desires or
2     what they want to do next.
3          MR. BLUMBERG:  Yes, Your Honor.
4          Unexpectedly, Mr. Anthony Daye is actually physically
5     present in court, and his victim/witness testimony would not be
6     related either to Mr. Hines or -- no, it would be related to
7     Mr. Comeaux, wouldn't it?
8          THE COURT:  Not related to Mr. Hines or Mr. Comeaux?
9          MR. BLUMBERG:  No.  It would be related to Mr. Comeaux,
10     Your Honor.
11          I would ask the Court the indulgence to call counsel
12     and see if they are en route so that we could have Mr. Daye
13     testify and have him done and returned to the custody of the
14     marshals.
15          THE COURT:  For the benefit of the audience and
16     probably for all the lawyers here, the writs of habeas corpus ad
17     testificandum, despite valiant efforts by the U.S. Marshal
18     Service, have been not served or served at the wrong place.
19          The government, following the law, says that victims
20     can testify if they want to.
21          I'm going to give you -- I'm going to give you 15
22     minutes to figure out where you are, and then I'm going to either
23     find that you've done your best and that's it or we'll listen.
24          Okay?
25          MR. BLUMBERG:  Yes, sir.

1          THE COURT:  Fifteen minutes.

2                    (Recess)

3          THE COURT:  All right.  You may be seated.

4          Okay.  Mr. Blumberg, what's the government's pleasure?

5          MR. BLUMBERG:  The first play would be to perhaps to

6    have the other sentencing go first, which is ready to go before

7    us, if the Court is willing to do that.

8          THE COURT:  Have you had a chance now to go over the --

9          MR. AMBEAU:  I have, Your Honor.

10          THE COURT:  All right.  Where is he?

11          Let's go ahead and do it.

12          MR. BLUMBERG:  Thank you, sir.

13                    —  —  —

14          THE COURT:  All right.  Mr. Blumberg, what is the

15    government proposing?

16          MR. BLUMBERG:  We propose we begin with the

17    victim/witness testimony of Anthony Daye who is present and in

18    custody outside the courtroom.  The relevant attorneys for the

19    cases that are relevant to Mr. Daye's victimization are here.

20    One defendant is on his way, but has not made it into the

21    courtroom, but I've spoken with counsel who recognizes that

22    you've heard Mr. Daye's testimony at the trial of Louis Ackal and

23    he waives his client's presence for purposes of hearing only the

24    testimony of Anthony Daye.

25          So I believe we can begin with him.  He can then be

1    moved back to where he's in custody.

2              THE COURT:  So as I understand it, you're going to put

3    him on, he's going to tell me what I already know, and then the

4    lawyers of the defendants involved will have a chance to ask any

5    questions that they may have, and then we'll quit that and then

6    we'll go to the sentencing.  Is that what I understand?

7              MR. BLUMBERG:  That's my understanding and that's my

8    intention as well, Your Honor, although in terms of what he

9    communicates, I presume it will not be a duplication of his trial

10   testimony, but to talk about the impact of --

11             THE COURT:  Can you bring Mr. Daye in?

12             MR. BLUMBERG:  For the record, Your Honor, the cases in

13   which Mr. Daye's testimony is relevant involve *U.S. vs.*

14   *Jason Comeaux*, *U.S. vs. Robert Burns* --

15             THE COURT:  Just one second.

16             MR. BLUMBERG:  Yes, sir.

17                      (Pause in Proceedings)

18             THE COURT:  Yes.  Go ahead.

19             MR. BLUMBERG:  *U.S. vs. Benjamin Lassalle*, *U.S. vs.*

20   *Bret Broussard*, and *U.S. vs. Wade Bergeron*.

21             So his testimony is relevant --

22             THE COURT:  This will involve what took place in the

23   chapel?

24             MR. BLUMBERG:  Yes, sir.

25             THE COURT:  All right.

1               MR. BLUMBERG:  Ms. Boyd corrects me, Your Honor, that

2     this is a victim impact statement and he is not subject under the

3     statute, as far as I understand it, to cross-examination by

4     defense counsel.  It is his opportunity to merely tell you about

5     his experience.

6               THE COURT:  All right.  I'm going to at least ask them

7     if they have any objection after we hear what he says.

8               Proceed, sir.  Just come up and raise your right hand

9     and be sworn.

10              THE COURTROOM DEPUTY:  Please raise your right hand.

11              Do you solemnly swear that the testimony you will give

12    in this case will be the truth, the whole truth, and nothing but

13    the truth, so help you God?

14              THE WITNESS:  Yes, ma'am.

15              THE COURTROOM DEPUTY:  Thank you.

16              THE COURT:  All right.  Proceed.

17    Whereupon,

18                          ANTHONY DAYE

19    was called; after having been first duly sworn, was examined as

20    follows:

21                          EXAMINATION

22    BY MR. BLUMBERG:

23    Q    Good morning, Mr. Daye.

24    A    Good morning.

25    Q    Mr. Daye, do you understand why you're here today?

1    A    Yes, sir.

2    Q    This is your opportunity to tell the Court anything you

3    would like regarding what happened to you at the Iberia Parish

4    Jail.

5         Now, you've testified about that matter in open court,

6    haven't you?

7    A    Yes, sir.

8    Q    And so you understand this is the same judge who heard your

9    testimony in court in the trial of Louis Ackal?  You understand

10   that?

11   A    Yes, sir.

12   Q    Keeping that in mind, that he has heard a narrative of how

13   you describe the events, this is your opportunity to talk about

14   the impact on you and anything else you'd like to offer to the

15   Court.

16   A    Yes, sir.

17   Q    You may testify.

18   A    Just the impact, just mentally, physically.  I've just been

19   mentally scarred, I guess.

20        MR. BLUMBERG:  If I may approach the lectern,

21   Your Honor.

22        THE COURT:  You may get closer to that microphone,

23   please.

24   BY MR. BLUMBERG:

25   Q    Mr. Daye, this is your opportunity to explain what you mean

1    by the impact mentally, physically, and any other lasting effect

2    it has had on you.

3    A    I don't really have nothing to say.  That's about it, about

4    being scarred by it.  That's it.

5    Q    Now, you indicated that you had wished to come and talk to

6    the Court when you were notified of your rights under this

7    statute.  Was there something in particular that you wanted to

8    make sure the Court heard and knew before he sentences the people

9    who are responsible or involved in the episodes at the jail?

10   A    No, sir, not offhand.

11   Q    Okay.  Would you like the Court to consider your trial

12   testimony to be the substance of what you want to communicate?

13   A    Yes, sir.

14   Q    This is your last chance.  If there's anything else you

15   would like to say to the Court, you may.

16   A    No, sir.  That will be fine.

17                MR. BLUMBERG:  Okay.  Thank you, Mr. Daye.

18                THE COURT:  Mr. Talbot, any objection to what you've

19   heard?

20                MR. TALBOT:  No objection, Your Honor.

21                THE COURT:  Mr. Block?

22                MR. BLOCK:  No objection, Your Honor.

23                THE COURT:  Mr. Robideaux?

24                MR. ROBIDEAUX:  No objection, Your Honor.

25                THE COURT:  Mr. Grayson?

```
1              MR. GRAYSON:  No, sir.

2              THE COURT:  Mr. Billeaud?

3              MR. BILLEAUD:  No, sir.

4              THE COURT:  You may step down.

5         Thank you.

6              MR. BLUMBERG:  The next matter -- housekeeping matter I

7    would like to take up, Your Honor, is related to the potential

8    testimony of Scott Spears.  Recognize also that Mr. Spears is a

9    fellow we identified and probation has identified as a potential

10   victim who has rights under the Victim and Witness Act.  I wanted

11   to put on the record the fact that Mr. Spears is not here, but

12   that substantial efforts were made by court staff, the Marshal

13   Service, the U.S. Attorney's Office, and the FBI in order to have

14   him present.

15             I also would like to put on the record that the Court

16   is aware of Mr. Spears' narrative of what occurred to him in the

17   chapel surrounding the events related to the trial of

18   Louis Ackal, that the FBI had interviewed Mr. Spears and created

19   an FD-302, a memorandum of the interview, and that that has been

20   provided to the Court so that you would know what his testimony

21   would have been related to the specific events.

22             THE COURT:  Actually, I don't have the 302.

23             MR. BLUMBERG:  My apologies.  I thought that you did

24   have the 302.

25             THE COURT:  I did ask for it.
```

1          MR. BLUMBERG:  You did, and I promised it, and I

2    thought it had been delivered.

3          May I have a moment, Your Honor?

4          THE COURT:  Yes.

5                    (Pause in Proceedings)

6          MR. BLUMBERG:  Apparently it is having trouble being

7    communicated by e-mail.

8          One more moment if I may, Your Honor.

9          THE CLERK:  I just got it.  I'll print it.

10          MR. BLUMBERG:  If I may, Your Honor, while we're

11   waiting -- and I apologize for that failure to get it

12   communicated directly to your court clerk.

13          You did hear several witnesses testify regarding the

14   events involving Mr. Spears, including some of the defendants

15   here today who acknowledged their own behavior and, in the

16   government's estimation, were quite candid about the description

17   of events and the impact they may have had on Mr. Spears.  So I

18   would like the Court to take that into account as well.

19          The events that are related to circumstances --

20          THE COURT:  Okay.  Stop.

21                    (Pause in Proceedings)

22          THE COURT:  All right.  I've read the 302, and I

23   suppose I should find that the government has made diligent

24   efforts to get Mr. Spears here, and for a variety of reasons,

25   that didn't get accomplished, but it was certainly through no

```
 1    lack of trying by the U.S. Marshal Service.

 2              MR. BLUMBERG:  No, sir.  And writs were issued.  There

 3    were some postponements of certain sentences.  I think

 4    communications were not as clear as we would have liked, but even

 5    as late as last night, the FBI has been working hard trying to

 6    get Mr. Spears here.  We were in chambers discussing it today.

 7    Mr. Spears was informed of his rights in January, I believe, and

 8    we took steps at that time, but administratively it just fell

 9    through the cracks.

10              THE COURT:  Okay.  The first matter, then, I'm going to

11    take up is United States vs. Wade Bergeron, Number 6:16-32.

12              MR. BLUMBERG:  Your Honor, one more administrative

13    matter that may apply across the defendants that might be easier

14    to do right now.

15              THE COURT:  What's that?

16              MR. BLUMBERG:  The issue as it relates to restitution.

17    There have been some claims by some of the victims, and probation

18    has received claims for restitution from at least, I believe,

19    four different potential victims, Ray Trosclair, Scott Spears,

20    Anthony Daye, and Curtis Ozenne.

21              THE COURT:  And there's no way that I can come up with

22    a sum based on their request for restitution.  So as far as any

23    restitution, I'm going to leave that to a subsequent or an

24    existing lawsuit.

25              MR. BLUMBERG:  And my comments only were that we
```

1  received no documentation from the victims despite requests by

2  probation to substantiate specific losses.  So the government is

3  not in a position at this point to ask the Court to order any

4  restitution.

5       (Whereupon, the Court continued to proceed with sentencings

6  individually which are filed under separate cover.)

7                           —  —  —

8

9

10

11                        Certificate

12  I hereby certify this 12th day of April, 2017, that the foregoing

13  is, to the best of my ability and understanding, a true and

14  correct transcript from the record of proceedings in the

15  above-entitled matter.

16

17                          /s/ LaRae E. Bourque

18                          Federal Official Court Reporter

19

20

21

22

23

24

25